# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| RAYMOND ULICKI,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C05-4060-MWB<br><br>**ORDER REGARDING PLAINTIFF'S ATTORNEY'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

_____

This matter comes before the court pursuant to plaintiff's attorney's October 23, 2006, "Application for Attorney Fees" (Doc. No. 16) in the amount of $4,727.08 to Thomas A. Krause[1] and with a further request for reimbursement of the $250.00 filing fee. The attorney fee application is made pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), and the application for the reimbursement of the filing fee is requested from the judgment fund administered by the Department of the Treasury pursuant to 31 U.S.C. § 1304. The fee claim follows judgment by the court that the Commissioner's decision denying plaintiff's application for disability benefits must be reversed and remanded. The defendant filed a response to the application and stated the defendant has no objection to the award of fees as requested.(Doc. No. 17 ).

---

[1] Plaintiff's attorney submitted a declaration of counsel including an itemized statement, summary, and proof of change in the consumer price index.

Reasonable attorneys fees may be awarded under the EAJA, 28 U.S.C. § 2412, to plaintiff's attorneys who prevail in Social Security cases. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). The statute provides, in pertinent part, as follows:

> (b) Unless expressly prohibited by statute, a court may award *reasonable fees and expenses* of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b) (emphasis added). Furthermore, the reasonable hourly rate for such attorneys fees and certain exceptions to that rate are also established by statute:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see also Stockton*, 36 F.3d at 50 (quoting the statute, which then provided for a maximum hourly rate of $75).

The parties agree, and after review, the court finds that a total fee of $4,727.08 to Thomas Krause is reasonable in this case. Plaintiff asserts that this fee represents payment for 4.60 hours in 2006 at $161.69 an hour, 21.10 hours in 2005 at $156.79 an hour and 9 hours at $75.00 an hour for the legal assistant. The court agrees that the hourly rate is properly based on the Consumer Price Index adjustments to the hourly rate (Doc. No. 28-2) *see* 28 U.S.C. § 2412(d)(2)(A)(ii) and that the total fee "reasonably and adequately account[s] for the attorney's court-related services." *Stockton*, 36 F.3d at 50.

**THEREFORE**, plaintiff's attorney's Application for Attorney Fees (Doc. No. 16) is **granted**, and the court awards the requested attorney fees in the total amount of $4,727.08, pursuant to 28 U.S.C. § 2412 and $250.00 paid from the judgment fund administered by the Department of the Treasury pursuant to 31 U.S.C.§ 1304.

**IT IS SO ORDERED.**

**DATED** this 20th day of November, 2006.

Mark W. Bennett

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA